UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. ESTRADA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OLGA BEREGOVSKAYA, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01335-EPG (PC)<br><br>RULE 16 DISCOVERY ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

David Estrada ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 22, 2017, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel David Carrasco telephonically appeared on behalf of Defendants.

During the Conference, the parties discussed the relevant documents in this case and their possible locations. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of the factors in Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED pursuant to Federal Rule of Civil Procedure 16[3] that:

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the

1

1. Within thirty days from the date of service of this order, Defendants shall produce to Plaintiff copies of all documents identified in Defendants' initial disclosures;

2. Within thirty days from the date of service of this order, Defendants shall produce to Plaintiff copies of all of Plaintiff's medical records for the period of August 8, 2012, through February 3, 2013. Alternatively, Defendants may produce to Plaintiff copies of all of Plaintiff's medical records; and

3. Within thirty days from the date of service of this order, Defendants shall make an inquiry with the California Department of Corrections and Rehabilitation regarding maintenance records for Plaintiff's cell for the time period identified in the complaint. If Defendants are able to obtain the maintenance records, Defendants shall produce copies of those records to Plaintiff. If, after receiving the records, Defendants have any objections to producing them, Defendants should notify the Plaintiff of that objection. If Defendants are unable to obtain the records, Defendants should serve Plaintiff with a notice stating that they were unable to obtain the records.

IT IS SO ORDERED.

Dated: **August 22, 2017**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery.").